IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEBORAH BUSH GERVASI,**<br>**Plaintiff,**<br>v.<br>**WARNER/CHAPPELL MUSIC, INC., A DIVISION OF WARNER MUSIC GROUP CORP.,**<br>**Defendant.** | Case No. 3:12-cv-0627<br>**DEMAND FOR JURY TRIAL**<br>Judge Aleta A. Trauger |

**PLAINTIFFS' MOTION LEAVE TO FILE UNDER SEAL**

Pursuant to Section 11 of the Stipulated Protective Order (Doc. 134), Plaintiff, Deborah Bush Gervasi, moves for leave to file under seal unredacted versions of Response in Opposition to Defendant's Motion for Protective Order and exhibits This document refers to and includes information from the Group License Agreement dated July 1, 2011 (the "GLA"). As the Court already determined in its December 3, 2020 Order granting WCM's motion for leave to file under seal (Doc. 200), the GLA meets the standard for sealing documents from public view under *Shane Grp, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016). In general, "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence … is typically enough to overcome the presumption of [public] access." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F. 3d 589, 594-95 (6th Cir. 2016) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F. 3d 544, 546 (7th Cir. 2002)); *see* also *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (instructing that a court should seal records where public access "would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records").

As explained in Warner Chappell's Response to Plaintiff's Amended Motion to Compel (Doc. 181) and the Declaration of Jeremy Blietz (Doc. 182 ¶¶ 31-32), "the GLA contains highly sensitive financial and business information that could be used to compete unfairly with [Warner Chappell]," including "pricing and cost information not known to the general public or to [Warner Chappell's] competitors regarding foreign sub-publishing." Warner Chappell's sensitive financial and business information contained in the GLA constitute trade secrets that should be sealed from public view.

To ensure that this request is narrowly tailored, WCM has publicly filed redacted versions of the two documents being submitted under seal. The GLA's terms are redacted from these versions.

Accordingly, Deborah Bush Gervasi moves for leave to file under seal unredacted versions of her Response in Opposition to Defendant's Motion for Protective Order and exhibits.

/s/ William L. Niro
William L. Niro (Admitted Pro Hac Vice)
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
(312) 755-3188
wniro@agdglaw.com

Richard S. Busch (BPR # 14594)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, Tennessee 37201
(615) 726-5434
rbusch@kingballow.com

Attorneys for Plaintiff,
Deborah Bush Gervasi

4824-5336-3931, v. 1