UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DEBORAH BUSH GERVASI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-0627 |
| | ) | Judge Aleta A. Trauger |
| **WARNER/CHAPPELL MUSIC, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Deborah Bush Gervasi has filed a Motion for Voluntary Dismissal Without Prejudice (Doc. No. 254), to which Warner/Chappell Music, Inc. ("WCM") has filed a Response (Doc. No. 256), and Ms. Gervasi has filed a Reply (Doc. No. 257). For the reasons set out herein, the motion will be granted.

Ms. Gervasi is a descendant of early 20th-century songwriter Richard A. Whiting. On June 20, 2012, Ms. Gervasi filed a Complaint against WCM based on her allegedly inherited rights related to certain Whiting compositions. (Doc. No. 1.) The parties are familiar with the ensuing course of litigation, which the court will not reiterate here.

On June 28, 2023, Ms. Gervasi filed the pending Motion for Voluntary Dismissal Without Prejudice. (Doc. No. 254.) Her attorneys explain that, as the record reflects, "[t]here have been several lawyers who have represented [Ms. Gervasi] in this matter," and her current "counsel undertook this representation . . . after four law firms had withdrawn from the case." (Doc. No. 255 at 1.) New counsel, according to Ms. Gervasi's briefing, "review[ed] the work of prior counsel" and concluded that the best course of action would be to find a way to resolve the dispute "in a professional manner." (*Id.*)

During an early 2022 case management conference, Ms. Gervasi's attorneys informed WCM that they anticipated filing a Motion for Voluntary Dismissal. The parties then entered into settlement discussions, in the hope of reaching an agreement that would resolve the underlying disagreements once and for all, which a voluntary dismissal without prejudice would not. The parties, however, were unable to come to an agreement, leading Ms. Gervasi to file the present motion. Her attorneys explain that they have concluded that the "expense of continuing to pursue this action is not justified in light of the potential recovery," considering "the present posture of this case." (*Id.* at 2.) They, however, leave open the possibility of Ms. Gervasi's bringing these or other claims related to the compositions in the future.

WCM filed a Response opposing the motion. (Doc. No. 256.) WCM states that it has incurred over $290,000 in fees and costs in connection with this litigation, and it argues that, if Ms. Gervasi has concluded that she no longer wishes to pursue the matter, she should be required to accept a preclusive judgment on the merits in WCM's favor. WCM argues that Ms. Gervasi's claims have been meritless from the start and that she has unnecessarily protracted this litigation by changing her theories over time and abusing the discovery process. In the alternative, WCM argues that, if the court permits Ms. Gervasi to dismiss her claims without prejudice, the court should require her to pay WCM's attorney's fees and costs. *See Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852 (W.D. Mich. 2007) (noting that "courts frequently award costs and attorney fees when a plaintiff dismisses a suit without prejudice" and collecting cases). WCM concedes, however, that, if the court were to conclude that an award of attorney's fees would be appropriate, it would be required to give Ms. Gervasi the opportunity to withdraw her motion rather than accept that potentially considerable monetary liability. (Doc. No. 256 at 18.) Ms. Gervasi filed a Reply confirming that she would take that opportunity and would, if forced

to choose between dismissal without prejudice and avoiding liability for attorney's fees, withdraw her request for dismissal and litigate this case to judgment. (Doc. No. 257 at 3.)

"Rule 41 provides two main mechanisms by which a plaintiff may voluntarily dismiss [her] case." *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 772 (6th Cir. 2020). The first mechanism, a dismissal without an order of the court pursuant to Rule 41(a)(1), is unavailable here, because WCM has filed its Answer and is unwilling to consent do dismissal by stipulation. Ms. Gervasi, therefore, must rely on Rule 41(a)(2), which provides that, after the time for obtaining an automatic Rule 41(a)(1) dismissal has passed, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "[A] plaintiff may seek a court-ordered dismissal at any point after filing [her] complaint," *Wellfount*, 951 F.3d at 773, and "[w]hether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)).

Usually, if a plaintiff actually wishes to abandon her claims, there will be little reason for the court to stand in her way. *See* Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2364 (4th ed.) ("[I]t has been held that the district court . . . cannot force an unwilling plaintiff to proceed to trial."). The Rule 41(a)(2) permission requirement, however, provides guardrails for, among other things, situations in which the plaintiff's decision to end one particular course of litigation would not necessarily bring an end to the underlying conflict. "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." Fed. R. Civ. P. 41(a)(2). A court faced with a Rule 41(a)(2) motion, therefore, must determine whether the plaintiff should be able to

3

end litigation without a final, preclusive adjudication of her claims, and, if so, whether any conditions should be imposed on that decision.

Factors to be considered by the court in determining whether to permit dismissal without prejudice include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718 (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). A court abuses its discretion in this context, "where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* at 718 (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 2179 (1947)).

Based on those factors and a review of the entire course of this case, the court concludes that dismissal without prejudice is appropriate here and that WCM is not entitled to attorney's fees. A plaintiff's conclusion that the costs of continuing litigation outweigh any potential benefits is typically considered a "reasonable explanation" for seeking a voluntary dismissal without prejudice, *Bridgeport Music, Inc. v. Universal–MCA Music Publishing, Inc.*, 583 F.3d 948, 955 (6th Cir. 2009), and that remains true here. The court, moreover, has no basis for concluding that permitting voluntary dismissal now would result in improperly "stripping a defendant of an absolute defense" or allowing Ms. Gervasi to escape unscathed "'[a]t the point when the law clearly dictates a result for the defendant.'" *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007) (quoting *Grover*, 33 F.3d at 719). To the contrary, WCM has had many opportunities to contest Ms. Gervasi's claims, and, while it has had some success in trimming them down, it still has not demonstrated that all of her claims are without

4

merit. No summary judgment motion is currently pending, and, while WCM suggests that one would be meritorious, the court cannot assume that that would be the case.

The court's decision is also influenced by the fact that, while this case has lasted many years, WCM bears some shared responsibility for the extent of any delays. That appears particularly true with regard to the period since early 2022, but WCM's complicity in the drawn-out nature of this litigation did not begin there. For example, as the court has noted, WCM waited over five years to raise straightforward jurisdictional concerns that could have been raised far earlier. (Doc. No. 98 at 4.) The long life of this case is, moreover, at least partially attributable to the fact that the parties have repeatedly tried, without success, to settle the claims at issue. (*See, e.g.*, Doc. No. 56; Doc. No. 82; Doc. No. 125; Doc. No. 135.) The court will not punish Ms. Gervasi for those efforts, nor will the court punish Ms. Gervasi for having finally obtained counsel dedicated to bringing this matter to a close.[1] If the harms of a voluntary dismissal to WCM were so great that they would nevertheless justify such a course of action, the court would rule accordingly. WCM, however, has not made such a showing.

For the foregoing reasons, Ms. Gervasi's Motion for Voluntary Dismissal Without Prejudice (Doc. No. 254) is hereby **GRANTED**, and this case is **DISMISSED** without prejudice.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge

---

[1] In WCM's briefing, it does not dispute that, since Ms. Gervasi obtained her current counsel, the costs incurred by WCM have been minimal. (Doc. No. 256 at 13–14.)